## J. A. Mathews, Defendant in Error, v. Mattie Jackson, Plaintiff in Error.

### Gen. No. 20,551.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. EDWARD T. WADE, Judge, presiding. Heard in this court at the October term, 1914. Reversed and remanded. Opinion filed March 29, 1915.

### Statement of the Case.

Forcible entry and detainer by J. A. Mathews, plaintiff against Mattie Jackson, defendant.

Although no written appearance, pleading or affidavit of or for the defendant appears in the transcript of record there was no default taken. The judgment order, finding the defendant guilty of unlawfully withholding possession of the premises and giving judgment for possession and costs, recites that "now come the parties to the cause and thereupon this cause comes on in regular course for trial." It is certified in the bill of exceptions that the defendant "was not present at the trial of this cause," and that "there was no evidence offered in behalf of her defense, if any existed, at said trial." It also certifies that to the "finding of the Court against the defendant and to the entry of judgment on said finding," the defendant duly objected and excepted, and recited that the defendant moved the court that said finding and judgment be vacated and the defendant granted a new trial, and excepted to the overruling of said motions.

The bill of exceptions states that it contains all the evidence offered by either of the parties to the cause or heard or considered by the court.

The evidence, as shown by the bill, consists of a warranty deed of the premises from one Gustaf Swanson and Marie Swanson, dated September 26, 1912, to the plaintiff, Mathews, and a five-day statutory no-

tice from Mathews to Jackson demanding twenty dollars rent said to be due, and notifying Jackson that unless it was paid in five days her lease would be terminated.

To reverse a judgment for plaintiff, defendant prosecutes this writ of error.

William Slack, for plaintiff in error.

Benjamin F. J. Odell, for defendant in error.

Mr. Presiding Justice Brown delivered the opinion of the court.

### Abstract of the Decision.

Forcible entry and detainer, § 71*—*when evidence insufficient.* On forcible entry and detainer, where there is no evidence of possession on the part of the plaintiff or of the defendant or of the grantor of plaintiff, who holds under a warranty deed, nothing to prove the plaintiff or his grantor a lessor of defendant or any other, nor to prove defendant a lessee of plaintiff or of his grantor or of any one else, and no evidence of rent due nor of any demand for rent except a recital in the bill of the five days' notice provided by statute, the evidence is insufficient to support a judgment for plaintiff.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.